UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| MATT GREENE, | ) | CIV. 09-5014-RHB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | PETITION FOR WRIT OF |
| UNITED STATES OF AMERICA, | ) | HABEAS CORPUS |
| | ) | |
| Respondent. | ) | |

Petitioner, Matt Greene, moves the Court to vacate, set aside, and/or correct his conviction and sentence pursuant to 28 U.S.C. § 2255.

**FACTS**

Petitioner was indicted on March 15, 2007, with one count of conspiracy to distribute methamphetamine. He was arrested on March 19, 2007, and detained pending further proceedings. On June 27, 2007, petitioner pleaded guilty to the indictment. Petitioner was sentenced on April 8, 2008, to a term of 54 months incarceration and a five-year term of supervised release.

On February 9, 2009, petitioner filed an application for writ of habeas corpus. In his petition he alleged that he received ineffective assistance of counsel, that his plea was not a knowing and voluntary plea, that the Bureau of Prisons (BOP) failed to provide him with substance abuse treatment and therefore denied him a potential sentence reduction, and that BOP failed to place him in a halfway house.

# DISCUSSION

Title 28 of the United States Code, section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." A petitioner is required to file such a motion within one year. 28 U.S.C. § 2255(f).

## A. Ineffective Assistance of Counsel

Petitioner, having filed his petition in a timely manner, alleges that his sentence was issued in violation of his constitutional rights. Petitioner contends that he received ineffective assistance of counsel at the plea stage of his proceedings. Petitioner claims that his counsel was ineffective because he failed to provide petitioner with copies of discovery, failed to maintain contact with petitioner, and failed to discuss the strengths and weaknesses of the government's case against petitioner. Petitioner further contends that this ineffective assistance of counsel resulted in an involuntary and unknowing plea. Petitioner also asserts that he received ineffective assistance of counsel at the sentencing stage of his proceedings due to his counsel's failure to object to the criminal history category utilized by the Court and the two-level enhancement for the possession of a weapon.

To succeed on a claim of ineffective assistance of counsel, petitioner must meet the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The test requires that petitioner prove that "counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Id. at 687, 104 S. Ct. at 2064. To establish that counsel's performance was objectively unreasonable, petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Mansfield v. Dormire, 202 F.3d 1018,1022 (8th Cir. 2000) (quoting Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Furthermore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Johns v. Bowersox, 203 F.3d 538, 546 (8th Cir. 2000).

Petitioner must also prove prejudice by demonstrating "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Williams v. Taylor, 120 S. Ct. 1495, 1511, 146 L. Ed. 2d 389 (2000) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). If a petitioner cannot prove that he was prejudiced by counsel's errors, then the Court need not determine if counsel's performance was deficient. See DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000).

Upon review of the petition and the record of this matter, the Court concludes that petitioner has not shown that he was prejudiced by counsel's alleged errors. First, petitioner has not asserted that he would not have entered into a plea agreement but for counsel's errors. Second, the record reflects that counsel did, in fact, object to the enhancement for possession of a firearm and the criminal history category which the Court utilized. CR. 07-50023, Docket #24.

Furthermore, even if the Court adopted petitioner's position, the outcome of this matter would not have been different. With the use of category III for petitioner's criminal history and the application of a two-level enhancement for possession of a weapon, petitioner was facing a presumptive sentence of 135 to 168 months of incarceration. Sentencing Transcript, p. 3, lns 1-10. If petitioner would have been placed in a criminal history category I and not given an enhancement for possession of a weapon, the presumptive sentence would have been 87-108 months incarceration. For either scenario, petitioner was subject to a term of supervised release of five years. Moreover, petitioner was facing a mandatory minimum sentence of five years incarceration under the statute to which he pled. Petitioner was actually sentenced to 54 months incarceration and five years supervised release. Petitioner would not have fared any better if counsel had been successful in asserting the objections upon which petitioner bases his claim of ineffective assistance.

4

The Court's determination of the frivolousness of this claim is further bolstered by the colloquy, under oath, that took place between the Court and petitioner during the plea hearing.

| | |
|---|---|
| The Court: | Tell me how you've gotten along with your counsel, Mr. Grey? |
| The Defendant: | Very well. |
| The Court: | Are you telling me then that you are fully satisfied with the representation Mr. Grey has provided for you? |
| The Defendant: | Yes, I am. |
| . . . | |
| The Court: | Do you know of any reason why I should not accept your plea? |
| The Defendant: | No, sir. |

Plea Transcript, p. 4, ln 13-19; p. 12, lns 12-14.

Accordingly, the Court concludes that petitioner has not met his burden of demonstrating prejudice as a result of the actions of his counsel and his claim of ineffective assistance of counsel fails.

**B.    Knowing Plea**

In the petition, petitioner also alleges that his plea was not intelligently tendered. Petitioner, however, does not provide any additional details to his claim other than this conclusory statement. "To prove that [petitioner's] plea was not a knowing and voluntary plea, [petitioner] must show that he did not make 'a voluntary and intelligent

choice among the alternative courses of action.'" Weisberg v. State of Minn., 29 F.3d 1271, 1278 (8th Cir. 1994) (quoting Schone v. Purkett, 15 F.3d 785, 788-80 (8th Cir. 1994)).

The transcript of the plea hearing indicates that petitioner was informed of the crimes with which he was charged and the potential penalties of those crimes. Plea Transcript, p. 4, lns 1-12; p. 5, lns 6-16. Petitioner was also advised of his constitutional rights. Plea Transcript, p. 10, ln 24 - p. 12, ln 1. He testified that he understood the plea agreement and the consequences of entering into such an agreement. Plea Transcript, p. 5, lns 20-23. Petitioner has not presented any evidence that his plea was not voluntary and intelligent. As a result, this claim for habeas relief must be denied.

C.  **Substance Abuse Treatment**

Petitioner next alleges that the BOP has failed to provide him with substance abuse treatment which, upon successful completion, would require a sentence reduction. "A claim attacking the validity of a guilty plea, and therefore the underlying sentence, is properly entertained in a § 2255. . . . On the other hand, a claim attacking the execution of [a] sentence should be brought in a § 2241 petition in the jurisdiction of incarceration." Nichols v. Symmes, 553 F.3d 647, (8th Cir. 2009) (citing Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)). On this issue, petitioner is attacking the execution of his sentence and is properly the subject of a petition pursuant to 28 U.S.C. § 2241. As petitioner is not currently incarcerated within the jurisdiction of the Court, the claim has not been properly presented and shall be dismissed.

Even if the claim had been properly presented, however, the Court would still dismiss the claim. Title 18 of the United States Code, section 3621(b) provides in pertinent part that "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." Congress also provided an incentive for prisoners who complete the program. "Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment . . . shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate." 18 U.S.C. § 3621(e)(2)(A). The statute goes on to provide that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). Congress further set forth that

> "the term 'eligible prisoner' means a prisoner who is -
> (i)  determined by the Bureau of Prisons to have a substance abuse problem; and
> (ii) willing to participate in a residential substance abuse treatment program . . . .

18 U.S.C. § 3621(e)(5)(B).

In his complaint, petitioner states, "[i]n this matter the Bureau of Prisons has wrongfully denied the movant the right to participate in substance abuse treatment during his imprisonment and the opportunity to earn a reduction of his prison term as

authorized by Title 18 USC § 3621(e)(2)(B)." Complaint, p. 27 of 30. The Court finds that the allegation is vague and conclusory. Additionally, the statute provides the BOP with the discretion to determine whether petitioner is eligible for a substance abuse treatment program. As such, the statute does not create a liberty for petitioner. See Richardson v. Joslin, 501 F.3d 415 (5th Cir. 2007). Petitioner does not have a right to participate in the treatment programs or to be eligible for early release. For these reasons, the Court shall dismiss this allegation.

**D.     Placement**

Petitioner's final allegation for relief is that the BOP has refused to place him in a halfway house in violation of the Second Chance Act. Like petitioner's claim regarding treatment, this claim would be properly presented in a petition under § 2241 and should be brought in the jurisdiction in which petitioner is incarcerated. See 28 U.S.C. § 2241(b). Even if this claim were properly presented before this Court, however, it would also be dismissed.

The Second Chance Act, Pub. L. No. 110-199, 122 Stat. 657, § 251, amended 18 U.S.C. § 3624(c) to provide as follows:

> The Director of the Bureau of Prisons, shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner in to the community.

See also Miller v. Whitehead, 527 F.3d 752 (8th Cir. 2008).

First, the Court notes that the BOP still has discretion as to determining the placement of a prisoner. See 18 U.S.C. § 3621(b). Moreover, if petitioner were to be immediately placed in a pre-release situation, such as a halfway house, until the expiration of his term of incarceration, it would be in violation of the statute. Petitioner asserts that he has 23 months left in his sentence. Complaint, p. 27 of 30. Under the statute, he is not to spend more than 12 months in a pre-release situation. See 18 U.S.C. § 3624(c). As a result, it cannot be said that petitioner's rights have been violated and therefore, this claim must be dismissed. Accordingly, it is hereby

ORDERED that the petition for writ of habeas corpus (Docket #1) is denied.

IT IS FURTHER ORDERED that petitioner's motion for an evidentiary hearing (Docket #1) is denied.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Docket #1) is denied.

Dated this 4th day of August, 2009.

BY THE COURT:

/s/ *Richard H. Battey*
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE